UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Leonard Prentice,

Plaintiff,

v.

Pizza Hut of America, Inc.

Defendant.

---

Civil No. 01-1152 JRT/FLN

**STIPULATION FOR PROTECTIVE ORDER AND PROTECTIVE ORDER**

THE PARTIES HEREBY STIPULATE that this Protective Order ("Order") be entered in this action pursuant to this stipulation by and between the parties, through defendant's counsel and plaintiff. The parties hereby agree and stipulate as follows:

1. Defendant, Pizza Hut of America, Inc., (hereinafter "Defendant") agrees to allow Plaintiff to review and copy certain confidential documents produced in the above litigation.

2. Additional documents may be requested and disclosed during discovery in this matter which one of the parties believes to be confidential. In that event, before production, such party shall assert a specific claim of confidentiality related to those documents. Upon assertion of such claim, the documents shall be subject to this Stipulation, provided, however, that any party hereto may object to a claim of confidentiality and seek a hearing before the Court to determine its merits. During the pendency of such a hearing, and until a determination on the merits has been made by the Court, the documents claimed to be confidential shall remain subject to the Stipulation.

3. The parties, their attorneys and representatives, do hereby agree and stipulate that as to documents marked "CONFIDENTIAL" by defendant:

FILED JAN 03 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

(a) The above-mentioned information shall only be used for purposes related to this lawsuit and shall be held in the strictest confidence by the parties, their attorneys, agents and representatives and shall not be divulged in any manner at any time, under any circumstances not directly related to the purposes of this lawsuit.

(b) The above-mentioned information shall only be given, shown, made available, or communicated to the Plaintiff for purposes of this litigation or those other persons, specifically experts and witnesses, for purposes of this litigation and, in addition, to the court and at trial if required.

(c) Reproduction of the above-mentioned documents shall only be made as required in the litigation and copies, excerpts, or summaries may be shown or given only to those individuals authorized pursuant to subparagraph (b) above.

(d) Copies of the above-mentioned documents shall be promptly returned to Defendant's attorney upon conclusion of the above-entitled action.

(e) Experts shall be allowed to review the documents at their own offices provided that the documents are returned to Plaintiff, and then to Defendant's counsel upon conclusion of this litigation.

4. Defendant may also identify certain documents as "CONFIDENTIAL, NOT TO BE REPRODUCED" by virtue of the trade secret confidential information contained in them. Plaintiff may inspect such documents, without copying them, at the offices of defense counsel, but will only be allowed to make copies of them upon application to the court following an *in camera* review of those documents by the court, unless defendant agrees to withdraw the "CONFIDENTIAL, NOT TO BE REPRODUCED" designation.

5. By agreeing to this Stipulation for Protective Order, neither the Plaintiff nor the Defendant waives any objection as to the discoverability or admissibility of the above-mentioned information.

6. The parties, having read and understood all of the terms of this Stipulation, enter into this Stipulation knowingly and voluntarily.

Dated: 12/20/01

Leonard Prentice
Pro se Plaintiff

Dated: 12/21/01

Christopher J. Harristhal (175754)
LARKIN, HOFFMAN, DALY & LINDGREN, Ltd.
Attorneys for Defendant
1500 Wells Fargo Plaza
7900 Xerxes Avenue South
Bloomington, Minnesota 55431-1194
(952) 835-3800

ORDER

Based on the above stipulation between the parties,

IT IS HEREBY ORDERED that the above terms shall govern the parties' agreement.

Dated: 1/2/02

United States [redacted] Judge
MAGISTRATE

726661.1