UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Leonard Prentice,

Plaintiff,

v.

Pizza Hut of America, Inc.,

Defendant.

Civil No. 01-1152 JRT/FLN

**REPORT AND RECOMMENDATION**

---

Leonard Prentice, pro se.
Christopher Harristhal, Esq., for Defendant.

---

**THIS MATTER** came before the undersigned United States Magistrate Judge on March 15, 2002, on: 1) Defendant's Motion for Summary Judgment [#44]; 2) Plaintiff's Motion for Reconsideration of this Court's 2/6/02 Order [#53]; and 3) Defendant's Motion for Rule 11 Sanctions [#37]. The matter was referred to the undersigned for Report and Recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons which follow, this Court recommends that: 1) Defendant's motion for Summary Judgment [#44] be granted; 2) Plaintiff's Motion for Reconsideration of Court's Order of 2/6/02 [#53] be denied as moot; and 3) Defendant's Motion for Rule 11 Sanctions [#37] be denied.

## I. BACKGROUND

This case arises from the termination of the employment relationship between the Plaintiff, Leonard Prentice ("Plaintiff" or "Prentice"), and the Defendant, Pizza Hut of America, Inc. Plaintiff was hired into the management training program by Richard Tenney, Defendant's area coach on December 8, 1999. Defendant has no policy requiring progressive discipline, and employees are advised in writing that their employment is "at will." Plaintiff was terminated by Mr. Tenney six

FILED MAY
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

weeks later and thereafter received written explanation for his termination. The reason Defendant enunciated for the discharge included Plaintiff's inability to perform his duties satisfactorily. Plaintiff subsequently filed a Complaint alleging race discrimination with the Equal Employment Opportunity Commission ("EEOC") because he felt his discharge constituted a racially motivated action. Plaintiff then filled the present action. Plaintiff has produced no evidence of race discrimination, nor does he claim any similarly situated employee with comparable or inferior performance escaped discharge. Plaintiff does not claim that he was subjected to racially derogatory remarks in the workplace, and in fact he admits he received special accommodations for time off work without notice due to a family illness. Defendant now moves for Summary Judgment in this matter.

## II. CONCLUSIONS OF LAW

### A. Standard of Review

#### 1. Defendants's Motion for Summary Judgment [#44]

The Supreme Court has held that summary judgment is to be used as a tool to isolate and dispose of claims or defenses that are either factually unsupported or based on undisputed facts. See Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986); Hegg v. U.S., 817 F.2d 1328, 1331 (8th Cir. 1987); Fisher v. Pharmacia & Upjohn, 225 F.3d 915, 919 (8th Cir. 2000). Federal Rule of Civil Procedure 56(c) provides, in relevant part, that summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986) (holding that the Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of

law"). When considering a motion for summary judgment, a court should construe all evidence in favor of the non-moving party. See Anderson, 477 U.S. at 255. However, if the evidence submitted by the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. Id. at 249-50.

The party opposing summary judgment may not rest upon the allegations set forth in its pleadings, but must produce significant probative evidence demonstrating a genuine issue for trial. Id. at 248-49. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Id. at 247-48. If the opposing party fails to carry that burden, summary judgment should be granted. See Celotex, 477 U.S. at 322. Summary Judgment should "[s]eldom be granted in discrimination cases." Bassett v. City of Minneapolis, 211 F.3d 1097, 1099 (8th Cir. 2000).

The standard of review for summary judgment in cases that involve claims of discrimination is governed by Reeves v. Sanderson Plumbing, 120 S.Ct. 2097 (2000). In Reeves, the Court held that a fact finder may well infer unlawful discrimination from the falsity of defendant's proferred reasons. This inference, together with the evidence of plaintiff's prima facie case, will entitle plaintiff to a judgment in his favor. The rationale behind this test recognizes that "the question facing triers of fact in discrimination cases is both sensitive and difficult" and that "[t]here will seldom be 'eyewitness' testimony as to the employer's mental process." Reeves, 2105 (citing U.S. Postal Service Bd. Of Governors v. Aikens, 460 U.S. 711, 716, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983)).

Consequently, in the context of a defendant's motion for summary judgment, under the Reeves standard, Plaintiff will survive the motion if he can establish a prima facie case of

discrimination as defined in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and can demonstrate that there is a genuine issue of material fact regarding the falsity of defendant's proffered reason for the termination. Reeves, at 2106 (citing Texas Dept. of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981).

**III. Legal Analysis**

Because Plaintiff's race discrimination claim is based on inferential rather than direct evidence, we employ the burden-shifting analysis used in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Plaintiff must first make an adequate showing of a prima facie case within the meaning of McDonnell Douglas. See McDonnell Douglas Corp., 411 U.S. at 802; Rose-Maston v. NME Hospitals, Inc., 133 F.3d 1104, 1107 (8th Cir. 1998). To establish a prima facie case of race discrimination, the plaintiff must prove: 1) that he is a member of a protected class; 2)that he was qualified for the position he held; 3) that he suffered some adverse employment action; under circumstances giving rise to an inference of discrimination. See Chock v. Northwest Airlines, Inc., 113 F.3d 861, 863 (8th Cir.1997). Once the plaintiff has established a prima facie case, the employer has the burden of explaining its actions with legitimate, nondiscriminatory reasons. See St. Mary's Honor Center v. Hicks, 509 U.S 502, 506-07(1993). If the employer puts forth legitimate reasons for its actions, the burden shifts back to the plaintiff to show that the employer's stated reasons were a pretext for discrimination. See Chock, 113 F.3d at 863.

Mr. Prentice as an African-American man, is a member of a protected class. He was terminated from his employment, and so suffered an adverse employment action. However, he cannot satisfy his burden with regard to the second element of his prima facie case; he cannot establish that he was qualified for the position. Plaintiff cannot point to any evidence that he was

qualified for the position he held. In determining whether or not Plaintiff was qualified for his position, we do not simply examine his ability to perform. Rather, Plaintiff must demonstrate that he was actually performing his job at a level that met his employer's legitimate expectations. See Miller v. Citizens Sec. Group, 116 F.3d 343, 346 (8th Cir.1997).

Defendant has offered evidence that Plaintiff was not qualified for the job, and that his inadequate performance was the reason for his termination. The written explanation that was given to the Plaintiff stated that his performance during his training fell far short of the requisite attentiveness and enthusiasm required for a management trainee who will be placed in the position to run a restaurant in a very demanding industry. Specifically, Defendant noted that Plaintiff failed to continue tasks for more than a few minutes after they were assigned and would wander elsewhere to perform other functions. During his deposition, Plaintiff also admitted to spending the majority of his duty hours on the telephone and recalled being criticized for ignoring directions. Plaintiff also stated that he "very much" desired a career change. His inadequate performance of tasks such as helping cooks and dough preparation, as well as poor working relationships with team members who reacted to his failure to contribute were other reasons given for his discharge. As Plaintiff was not adequately performing his job, he failed to satisfy the second element of his prime facie case.

In any event, assuming arguendo that plaintiff had established a prima facie case, the foregoing facts would still entitle the Defendant to summary judgment. Plaintiff's poor performance constitutes evidence of a non-discriminatory reason for the adverse employment action. This evidence is adequate to shift the burden back to the Plaintiff to show that the reason offered by Defendant was a pretext for race discrimination. Plaintiff has offered no evidence to refute Defendant's explanations. Nor has Plaintiff produced any evidence that the reason given by Defendant for Plaintiff's termination is false. This Court concludes that Defendant is entitled to

Summary Judgment as a matter of law.

## RECOMMENDATION

Based on all the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant's Motion for Summary Judgment [#44] should be **GRANTED**;

2. Plaintiff's Motion for Reconsideration of Court's Order of 2/6/02 [#53] should be **DENIED as MOOT**; and

3. Defendant's Motion for Rule 11 Sanctions [#37] should be **DENIED**.

DATED: MAY 9, 2002

FRANKLIN L. NOEL
United States Magistrate Judge