**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

LEONARD PRENTICE,

Plaintiff,

v.

PIZZA HUT OF AMERICA, INC.,

Defendant.

Civil No. 01-1152 (JRT/FLN)

**MEMORANDUM OPINION AND ORDER ADOPTING THE REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

---

Leonard D. Prentice, P.O. Box 65865, St. Paul, MN 55165, plaintiff *pro se*.

Christopher J. Harristhal, LARKIN, HOFFMAN, DALY & LINDGREN, 1500 Wells Fargo Plaza, 7900 Xerxes Avenue South, Bloomington, MN 55431-1194, for defendant.

This matter is before the Court on plaintiff's objections to a portion of the Report and Recommendation of United States Magistrate Judge Franklin L. Noel dated May 9, 2002. The Magistrate Judge recommended that defendant's motion for summary judgment be granted. This Court has conducted a *de novo* review under 28 U.S.C. § 636(b)(1)(C) and D. Minn. L.R. 72.1(c)(2). For the reasons set forth below, the Court

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

adopts the Report and Recommendation of the Magistrate Judge and grants defendant's motion for summary judgment.[1]

## BACKGROUND

On December 8, 1999, defendant hired plaintiff as a manager in training. The same manager who hired plaintiff terminated his employment six weeks later. Defendant's official reason for terminating plaintiff was plaintiff's failure to perform his duties satisfactorily. Plaintiff subsequently filed a complaint with the Equal Employment Opportunity Commission ("EEOC") alleging that his termination was racially motivated. On May 15, 2001, the EEOC issued a Dismissal and Notice of Rights stating that it "is unable to conclude that the information obtained establishes a violation of the statutes." Plaintiff then filed this case.

## ANALYSIS

### I. Standard of Review

One of the principle purposes of summary judgment is to dispose of factually unsupported claims before trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Federal Rule of Civil Procedure 56(c) provides that summary judgment shall be entered, upon motion of one party, when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Additionally, Rule 56(c) "mandates the entry of summary judgment . . . against a party who fails to make a

[1] The Magistrate Judge also recommended that plaintiff's motion for reconsideration of the Court's Order of February 6, 2002 be denied as moot, and that defendant's motion for Rule 11 sanctions be denied. Neither plaintiff nor defendant have objected and therefore the Court adopts these recommendations.

showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. The nonmoving party's complete failure to prove an essential element renders all other facts immaterial and entitles the moving party to judgment as a matter of law because no reasonable jury could return a verdict for the nonmoving party. *Id.*; *see also Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986) (summary judgment will not lie when a reasonable jury could return a verdict for the nonmoving party). However, summary judgment "should seldom be granted in discrimination cases." *Bassett v. City of Minneapolis*, 211 F.3d 1097, 1099 (8th Cir. 2000).

## II. Race Discrimination Claim

The familiar *McDonnell Douglas* burden shifting analysis applies to employment discrimination cases brought under Title VII of the Civil Rights Act of 1964. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973); *St Mary's Honor Center v. Hicks*, 509 U.S. 502, 506 (1993). First, plaintiff must establish a prima facie case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. This requires plaintiff to show that: 1) he is a member of a protected class; 2) he was qualified for the position he held; and 3) he was terminated under circumstances giving rise to an inference of discrimination. *Chock v. Northwest Airlines, Inc.*, 113 F.3d 861, 863 (8th Cir. 1997). Once plaintiff has established a prima facie case of discrimination, the burden shifts to the employer to show a legitimate, non-discriminatory reason for the termination. *McDonnell Douglas*, 411 U.S. at 802. If the employer carries this burden, the burden shifts back to plaintiff to show that

the defendant's proffered reason is a pretext and the real reason for the termination was discriminatory. *Id.* at 804.

In the context of a motion for summary judgment, a plaintiff can survive the motion if he can establish a prima facie case of discrimination and can produce evidence that creates a genuine issue of material fact that the defendant's explanations are false. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 147-48 (2000).

The Magistrate Judge found that plaintiff failed to establish a prima facie case of discrimination. The Magistrate Judge correctly noted that in order for plaintiff to show the second prong of a prima facie case—that he was qualified for the position he held—plaintiff must show that he was performing his job duties at a level that met the employer's legitimate expectations. *Miller v. Citizens Sec. Group*, 116 F.3d 343, 346 (8th Cir. 1997). The Magistrate Judge found that plaintiff was not performing at a satisfactory level and therefore plaintiff could not establish a prima facie case. Therefore, the Magistrate Judge found that summary judgment in favor of the defendant was appropriate. The Magistrate Judge further noted that even if plaintiff had established a prima facie case, summary judgment would still be appropriate because plaintiff offered no evidence that defendant's explanation for terminating him was a pretext for discrimination.

Plaintiff objects to these findings on numerous grounds. First, plaintiff claims that the report and recommendation ignores his allegations of discrimination in training evaluation, advancement, and constructive discipline, which he added when he amended

his complaint. He further claims that, because the defense did not answer these three additional allegations in responsive pleadings, he must prevail on these claims.

This objection fails because his three additional allegations are not properly before the Court. Plaintiff's original complaint, filed on June 27, 2001, alleges only discrimination in the termination of his employment. On October 2, 2001, the parties stipulated that the complaint would be amended to name the proper corporate entity as defendant. *See* Docket No. 13. The defendant answered the amended complaint, which plaintiff had not yet filed, on October 23, 2001. When plaintiff filed his amended complaint on November 21, 2001, he named the proper defendant and added three new allegations to his suit. However, these new allegations were not permitted under the Federal Rules of Civil Procedure. Fed. R. Civ. P. 15(a). A party is permitted to amend the party's pleading once before a responsive pleading is served; after a responsive pleading is served, a party may amend a pleading only by leave of court or with written consent of the opposing party. Fed. R. Civ. P. 15(a). In the present case, a responsive pleading had already been served when plaintiff filed his amended complaint. Although plaintiff had defendant's permission to amend his complaint to name the corporate entity, he did not have either the Court's permission or a stipulation with defendant allowing plaintiff to add these new allegations. Accordingly, these allegations are not properly before the Court.

Even assuming plaintiff's new allegations became part of his amended complaint, plaintiff's objections would still fail. All four of his allegations were part of a complaint under Title VII. Establishing a prima facie case of discrimination is the first step in any

Title VII discrimination case. *McDonnell Douglas*, 411 U.S. 792; *St Mary's Honor Center*, 509 U.S. at 506. Since plaintiff cannot show he was qualified for the position he held, plaintiff cannot maintain any Title VII discrimination claim relating to this position.

Plaintiff next claims he was denied the right to gather discoverable information to support his claim. This objection is simply incorrect. The record shows that plaintiff failed to conduct discovery in a reasonable and timely manner. Plaintiff made numerous, irrelevant, and burdensome document requests, filed a motion to compel production of these documents, and then failed to appear for a hearing on the motion to compel. Nevertheless, the Court considered plaintiff's motion and ruled that he was entitled to only one of the documents he sought, which he subsequently received. Plaintiff scheduled and rescheduled depositions without ever completing the necessary arrangements to actually conduct them. In addition, plaintiff served three sets of interrogatories on defendant on January 28, January 29, and February 11, 2002, when discovery was to be completed by February 1, 2002. The Court is satisfied that plaintiff's rights to discovery were not infringed.

Plaintiff's next objection is that he was not afforded the "usual and customary" time to respond to defendant's motion for summary judgment, resulting in a one-sided report and recommendation. Again, the Court disagrees. Defendant filed its motion for summary judgment on January 29, 2002. The hearing occurred on March 15, 2002. Plaintiff had approximately one and one-half months in which to respond, and he did not do so. Instead, plaintiff waited until the hearing to request additional time, which the

Court did not grant. The Court believes that plaintiff was afforded more than enough time to respond, and therefore this objection fails.

## ORDER

Based on the foregoing, the submission of the parties, and all of the files, records, and proceedings herein, the Court **OVERRULES** plaintiff's objections to the Report and Recommendation [Docket No. 66] and **ADOPTS** the Report and Recommendation of the Magistrate Judge [Docket No. 65]. **IT IS HEREBY ORDERED** that:

1. Defendant's Motion for Summary Judgment [Docket No. 44] is **GRANTED**.

2. Plaintiff's Motion for Reconsideration of the Court's Order of February 6, 2002 [Docket No. 53] is **DENIED as MOOT**.

3. Defendant's Motion for Rule 11 Sanctions [Docket No 56] is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 29, 2002
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge